986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Perry Alan DAVIS, Plaintiff-Appellant,
v.
Matthew HENSLEY, Captain, sued in his individual capacity,
Defendant-Appellee.
 No. 92-1659.
 United States Court of Appeals, Sixth Circuit.
 March 4, 1993.
 
 1
 Before RALPH B. GUY, JR., and BOGGS, Circuit Judges, and GIBSON, Chief District Judge.*
 
 ORDER
 
 2
 Perry Alan Davis, a Michigan state prisoner proceeding without the assistance of counsel, appeals from the judgment of the district court granting defendant's motion for summary judgment. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary damages and declaratory relief, Davis brought suit against Captain Matthew Hensley of the State Prison of Southern Michigan (SPSM) under 42 U.S.C. § 1983. Davis alleged that Captain Hensley deprived him of a protected liberty interest, without due process of law, by moving him from the prison's general population into administrative segregation pending the resolution of a misconduct ticket filed against him. A magistrate judge recommended denial of the defendant's motion for summary judgment. The district court disagreed with the magistrate judge and granted the defendant's motion to dismiss.
 
 
 4
 The issue on review is whether there exists a genuine issue of material fact with regard to whether Davis was placed in temporary administrative segregation, pending his disciplinary hearing, in violation of a constitutionally protected liberty interest. The standard of review is de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990).
 
 
 5
 The liberty interest Davis asserts is that the offense for which he was charged was "bondable," i.e., that he was lawfully entitled to remain in the prison's general population pending disposition of the charge. The prison's Policy Directive (PD-DWA 60.01) provides that upon the issuance of a misconduct ticket:
 
 
 6
 ... the reviewing officer shall order the prisoner to be confined in segregation or on top lock pending a formal hearing if the charge is non-bondable ... or if there is a reasonable showing that the failure to do so would constitute a threat to the security or good order of the facility. The reason given for confining a prisoner for a bondable offense, must relate to the specific circumstances of the incident. In other words, it must state why this case differs from other instances of this charge and thus presents a threat to security. Conclusory phrases such as "necessary for the good order of the facility" are not acceptable as reasons.
 
 
 7
 The repeated use of explicitly mandatory language in connection with requiring specific substantive predicates demands a conclusion that Michigan's Policy Directive created a protected liberty interest. See Hewitt v. Helms, 459 U.S. 460, 472 (1983). The Supreme Court has determined that a state-created liberty interest cannot be denied unless the inmate receives notice of the reasons for the transfer and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. Hewitt v. Helms, 459 U.S. at 476.
 
 
 8
 The record reveals that the ticket charging Davis with misconduct was written at 7:00 p.m. and that his bond was revoked at 7:05 p.m. The misconduct report given to Davis plainly sets out that at 5:00 p.m. a count was taken and Davis was not in his cell. At 5:30 p.m., the count was re-taken and Davis was not in his cell or in the "dock." A call to the dining room revealed that Davis did not report to the dining room as directed or to his detail for count. Davis was allowed an opportunity to present his views. At the bottom of the misconduct report, Davis commented, " 'I'm not guilty of missing count--C/O Sewald called C/O Cotton in 8 Block of my whereabouts' Call at 1704 or 1705." Although the magistrate judge found the chronological order and time frame in which Davis was moved to administrative segregation significant, the notice and opportunity to be heard may be afforded consistent with due process, within a reasonable time following an inmate's transfer to administrative segregation. Hewitt v. Helms, 459 U.S. at 472 and 476 n. 8. It is concluded that Davis received notice of the reasons for the transfer and an opportunity to present his views to the prison official charged with deciding whether to transfer him to administrative segregation. There exists no genuine issue of material fact with regard to whether Davis received due process of law.
 
 
 9
 Accordingly, the judgment of the district court is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief U.S. District Judge for the Western District of Michigan, sitting by designation